## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: JOHNNIE C ELERBY            )        CASE 26-01403-JAW
                                   )
                                   )
        Debtor                     )        CHAPTER 13

### OBJECTION TO CONFIRMATION

Chowder Inc. ("Chowder") hereby objects to confirmation of Debtor's Chapter 13 plan on the following grounds:

1.      Debtor's plan should not be confirmed because it improperly classifies Debtor's HVAC lease with Chowder as a secured claim, and further because even if the lease were a secured claim, it was signed within a year prior to filing and would therefore be exempt from valuation.

2.      Debtor leased HVAC equipment from Chowder through a Lease Purchase Contract, a true and correct copy of which is attached as Exhibit "A".

3.      Debtor's proposed plan lists Chowder in Part 3.2 as a secured creditor subject to cramdown.

4.      The Lease Purchase Agreement is a true lease under Mississippi law.  It complies with the Mississippi Rental-Purchase Agreement Act, MS Code § 75-24-151 *et seq.*, and furthermore it is a true lease in substance as it is terminable at will without penalty.  Therefore, the provisions of 11 U.S.C. § 365 apply, and Debtor must assume or reject the lease.

5.      The Rental-Purchase Agreement conforms with the provisions of the Mississippi Rental-Purchase Agreement Act, MS Code § 75-24-151 *et seq.* (the "MRPAA"), which provides in § 75-24-155 that:

(1) Rental-purchase agreements as defined in Sections 75-24-151 through 75-24-175 are not governed by the laws relating to:

(a) A consumer credit sale as defined in Section 75-66-1(2);

(b) Loans, interest, finance charges, credit or installment sales as those terms are used in Mississippi statutes;

(c) A security interest as defined in Section 75-1-201 of the Uniform Commercial Code. Therefore, it is exempted from secured treatment under Mississippi law and is instead subject to 11 U.S.C. § 365. *See In re Johnston*, Case No. 10-04143 (Bankr. S.D. MS. Feb. 18, 2011) (finding that a "rent-to-own" contract (for a portable storage building) that conformed to the MRPAA was conclusively excluded from secured treatment and was subject to assumption or rejection under § 365).

6. Further, "[e]ven if the Rental Agreement did not fall within the definition of a rental-purchase agreement under the MRPAA, MISS. CODE ANN. § 75-1-203 also precludes a finding that the Rental Agreement created a security interest." *In re Bell*, Case No. 16-02162, slip op. at 14-16 (Bankr. S.D. Miss. Nov. 16, 2016) (analyzing a contract that—like the Lease Purchase Agreement between Chowder and Debtor—allowed for voluntary termination at any time without penalty, and finding that "[b]ecause the Rental Agreement contained the Termination Clause allowing [Debtor] to terminate the Rental Agreement at any time, the Court does not need to analyze the Rental Agreement any further to determine whether a security interest was created. The Termination Clause precludes a finding of a security interest."). This principle that terminability at will is essentially dispositive as to lease status is consistent with the overwhelming majority of caselaw throughout the country. *See In re Parker*, 363 B.R. 769, 776 (Bankr. D.S.C. 2006) (holding that the agreements in question were true leases that must be assumed or rejected, citing to 4 JAMES S. WHITE & ROBERT SUMMERS, Uniform Commercial Code § 30-3 (4th ed. 2002), and stating that the cited White & Summers material "generally not[ed] that a rent-to-own agreement that is terminable at will is always a lease.").

7.      Finally, even if the Lease Purchase Agreement were a secured sale, which it is not, Debtor signed it less than a year prior to filing his petition, thereby exempting the contract from cramdown treatment in accordance with the "hanging paragraph" of 11 U.S.C. § 1325(a).

8.      The Lease Purchase Agreement between Chowder and Debtor is a true lease in substance.   Additionally, it complies with Mississippi's Rental-Purchase Agreement Act. Therefore, it cannot be treated as a security interest but rather must be assumed or rejected in accordance with 11 U.S.C. § 365.

WHEREFORE, PREMISES CONSIDERED, Chowder respectfully requests that confirmation of Debtor's Chapter 13 plan be denied, and for any such other and further relief as this Court may deem proper.

Respectfully submitted,

BENNETT LOTTERHOS SULSER
& WILSON, P.A.

/s/ Charles Frank Fair Barbour

Charles Frank Fair Barbour, MSB # 99520
BENNETT LOTTERHOS SULSER
& WILSON, P.A.
221 Sunnybrook Road, Suite B (Ridgeland, MS 39157)
Post Office Box 1488
Madison, Mississippi  39130
Telephone:    (601) 944-0466
Facsimile:     (601) 944-0467
cbarbour@blswlaw.com

## CERTIFICATE OF SERVICE

I, Charles Frank Fair Barbour, do hereby certify this day that I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Thomas Carl Rollins, Jr. at trollins@therollinsfirm.com

Torri Parker Martin at tpm@tpmartinch13.com

US Trustee at USTPRegion05.AB.ECF@usdoj.gov

And I mailed via US Mail, postage prepaid, a copy to the following:

Johnnie C Elerby
130 Ellerby McCallum Rd
De Kalb, MS 39328

/s/ Charles Frank Fair Barbour